**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Plaintiff,

                                Case No. 3:21-cv-199-MMH-JRK

v.

JANICIA JONES,
TRACIELYNN WALKER, and
LA'ROYZ ENTERPRISES INC.,

      Defendants.

                                           /

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."   Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).[1]

On March 1, 2021, Plaintiff Progressive Express Insurance Company initiated this action by filing a complaint and purporting to set forth the facts establishing that the Court has jurisdiction over this action.   See Declaratory Relief Requested (Doc. 1; Complaint) ¶¶ 2-8.   Specifically, Plaintiff asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because "it involves citizens of different states and the amount in controversy is in excess of $75,000.00."   Id. ¶ 7.   In support of this assertion, Plaintiff alleges that Defendants Janicia Jones and Tracielynn Walker" are "individual[s]" who are "resident[s] of Florida."   Id. ¶¶ 4-5.   Because these allegations do not adequately identify the citizenship of Jones and Walker, the Court is without sufficient information to satisfy its jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."   Univ. of S. Ala., 168 F.3d at 412.   To establish diversity over a natural person, a complaint must include

---

[1] The Court notes that although Plaintiff brings this case pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, see Complaint at 1, this statute "'does not, of itself, confer jurisdiction upon federal courts.'"   See Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1340 (11th Cir. 2018) (quoting Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 861–62 (11th Cir.2008)). "Rather, a suit brought under the [Declaratory Judgment] Act must state some independent source of jurisdiction."   Fed. Election Comm'n v. Reform Party of the U.S., 479 F.3d 1302, 1307 n.5 (11th Cir.2007).

allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).  Because the Complaint merely discloses where Jones and Walker reside, as opposed to their respective domiciles or states of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed.2d 29 (1989) ("'Domicile is not necessarily synonymous with 'residence[.]'") (citation omitted).[2]

---

[2] Notably, as to Defendant La'Royz Enterprises Inc., Plaintiff alleges that it is "a corporation organized and existing under the laws of Florida" and purports to identify its "member[]" as Cory Harvey, who is allegedly domiciled in Florida.  See Complaint ¶ 6.  Such an allegation is both puzzling and unhelpful in that corporations do not have "members," and more importantly, the citizenship of a corporation is determined by its state (or states) of incorporation and its principal place of business.  See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010).  Despite having alleged its own corporate citizenship correctly, see Complaint ¶ 3, Plaintiff appears to have confused the legal requirements for alleging the citizenship of a corporation with those which apply to unincorporated entities such as limited liability companies.  See Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted).  However, upon review of the Complaint as a whole, the Court is able to ascertain the citizenship of this Defendant because

3

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.  Accordingly, it is

**ORDERED**:

Plaintiff Progressive Express Insurance Company shall have up to and including **March 16, 2021**, to provide the Court with additional information demonstrating that this Court has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of March, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:
Counsel of Record

---

Plaintiff later identifies La'Royz Enterprises, Inc.'s principal place of business in the venue allegation.  See Complaint ¶ 8.  Nevertheless, in light of the careless drafting reflected in the citizenship allegations pertaining to Jones, Walker and La'Royz Enterprises, Inc., the Court takes this opportunity to strongly encourage counsel to review the applicable authority on federal subject matter jurisdiction before filing any future pleadings in federal court.  See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1-2 (M.D. Fla. Aug. 1, 2017) (observing that jurisdictional defects in pleadings result in a waste of judicial resources and bulleting several "hints" on how to allege federal diversity jurisdiction properly).